Birchard, J.
This suit is brought upon the joint and several' bond of William and Jonathan Dayton, to Susan U. Niemcewicz,. ^dated November 1, 1802, in the penal sum of $6,500, conditioned for the payment of $3,250 in one year from the date, and interest at the rate of seven per centum per annum, to be paid quarterly, on the first days of February, May, August, and November of each and every year.
The following indorsements of payments, by the maker, appear upon the back of the bond:
May 7, 1803, $29.48.
May 14, 1805, the interest due to May 1, 1805.
December 9, 1807, the interest due to November 1, 1807.
December 28, 1807, $250.
June 1, 1808, the interest due.
November 28, 1808, $20 on account of interest.
August 1, 1809, $242.50, being the interest, etc.
December 15, 1813, the interest to August 1, 1813.
February 17, 1818, $105 on account of interest, also a note for $766.21, in full of interest to February 1, 1818.
October 15, 1819, $210 on acccount of interest.
May 9, 1820, $262.50 on account of interest.
May 2, 1821, the interest to April 1, 1821.
June 12, 1822, $250.
All these appear to be bona fide indorsements.
June 24, 1828, a receipt of J. H. Crane, attorney for Mrs Niomccwicz, of $530, from O. M. Spencer, administrator of J. Dayton. Connected' with this is an agreed statement, from which appear these facts:
The bond is genuine. This suit was brought October 2, 1843. O. M. Spencer, the former administrator of Dayton, died in 1838. The present administrator of Dayton was appointed in 1842. On-May 5, 1826, the attorney in fact of Mrs. Niemcewicz, then alive, made oath to the amount then due upon the bond, and transmitted-it to Spencer, who paid the sum receipted by Crane, and filed the; *258 bond in the court of probate, December 30, 1830, and reported the ■claim as passed and properly authenticated; charged the estate with the amount paid to Judge Crane, in his account current, which was approved by the court; and the bond was filed with the papers, marked “Allowed ^Toucher, Ho. 139,” where it remained until procured to be used in this suit.
On December 15, 1835, Spencer paid to the plaintiff, on account of the bond, the further sum of $281.40.
If the statute of limitations is a defense, judgment to be entered for the defendant, otherwise for the plaintiff.
Two questions have been, by counsel, presented for our consideration ;
1. Whether any statute of limitations of the state, in any respect, affects this case?
2. Whether the act of the administrator takes the case out of the statute ?
The defense insists that this cause of action is barred by the act •of 1804, as revived by the act of 1826. Whether of not the act of 1804, taken in connection with the numerous subsequent acts limiting actions of debt upon contract under seal, shall be held to -operate as a bar in any case where the cause of action accrued prior to 1804, is a question not necessary to be determined to •enable us to make a correct disposition of this case. But admitting, for the sake of argument, that the statute of 1804 is applicable, how does it affect this case?
The arguments for the defense assume that this case presents the question whether an administrator has power, by acknowledgment, promise, or otherwise, to waive the advantage of a bar by the statute of limitation so as to bind the estate of his intestate. But does such a question arise? Dayton made payments upon the bond as late as 1822. His acts were sufficient to take the ease out of the statute and to 'prevent its running up to that date, so that when presented to Spencer, in 1826, it was a -valid demand against the •estate, and he had no defense against it to be waived. His allowance of the claim was a matter of duty, and it should have the same effect as if made by his intestate. There was an acknowledgment of the debt; an admission that it was a just claim; dividend struck and paid upon it, with the approval of the court of probate; since which the time limited by the statute has not *259 ■elapsed. *Under these circumstances the statute is no bar, whatever it might be under a different stato of facts.
The act of 1804 barred the action of debt upon a specialty in fifteen years next after the cause of action, provided no part of the principal or interest be paid or demand made within that time. All that was wanted by this statute, to prevent a bar, was pay. ment or demand. The demand by the plaintiff was made upon Spencer, the proper person. The money was due when domanded, and of' course rightfully paid by him. It may well be held that these acts are sufficient to take the case oat of the statute, without determining that a debt once barred by statute may be revived by an administrator so as to incumber the estate of the heir.
Judgment for plaintiff.